

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-59,823-07

### EX PARTE JAMES DOUGLAS JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2003-197D IN THE 421ST DISTRICT COURT
### FROM CALDWELL COUNTY

*Per curiam*. ALCALA, J., would grant relief.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault on a public servant and sentenced to twenty-five years' imprisonment. The Third Court of Appeals affirmed his conviction. *Jones v. State*, No. 03-08-00683-CR (Tex. App.—Austin Nov. 20, 2009) (not designated for publication).

In a supplemental ground, Applicant contends that trial counsel failed to properly investigate Applicant's case and advise him of the law applicable to his case. The trial court made findings of fact and conclusions of law and recommended that we grant relief. We believe that the record should

be further developed.

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether the factual basis of Applicant's supplemental ground was unavailable on the date Applicant filed a previously considered application. The trial court shall specifically determine whether the factual basis of Applicant's supplemental ground was ascertainable through the exercise of reasonable diligence on or before the date Applicant filed a previously considered application. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4(c). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 5, 2016
Do not publish